**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
:
JOSE LOPEZ aka JOSE LOPEZVILLATE , on :
behalf of himself and all others similarly situated, :
:
Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
SUNRISE CREDIT SERVICES, INC., :
:
Defendant. :
:
―――――――――――――――――――― X

Plaintiff JOSE LOPEZ aka JOSE LOPEZVILLATE  (hereinafter "LOPEZ" or "Plaintiff"), of Bergen County, New Jersey, on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant SUNRISE CREDIT SERVICES, INC  (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Bergen County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant SUNRISE CREDIT

SERVICES, INC. ("SUNRISE") is a corporation organized under the laws of the State of New York with its principle place of business located in Farmingdale, New York.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters by Defendant seeking to collect a debt on behalf of Bank of America, N.A. in a form substantially similar to Exhibit A attached to this Complaint.

The class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or

notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether the Defendant's collection letter was deceptive and misleading;

    c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to May 11, 2018, Plaintiff allegedly incurred a financial obligation to Bank of America, N.A. ("Bank of America") ("the Debt").

17. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Bank of America is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to May 11, 2018, Bank of America either directly or through intermediate transactions assigned, placed or transferred the Bank of America obligation to Defendant for collection.

21. At the time the Bank of America Obligation was assigned, placed or transferred to Defendant, the Bank of America obligation was in default.

22. On or about May 11, 2018, Plaintiff received in the mail a collection letter for Defendant offering a, "$50 Payment Arrangement for the Next 90 Days!" ("the Collection Letter") with respect to the Debt. Attached as Exhibit A is a copy of the May 11, 2018 Collection Letter.

23. The Collection Letter further states:

"That's right, for the next 90 days we agree to accept $50 per month from you to apply to your outstanding account!

To take advantage of this partial payment plan, simply fill out the lower portion of the this letter and return it along with your first payment
. . .

We hope this offer will help you resolve this matter."

24. The Collection Letter makes no reference to what happens after the consumer makes 3 payments of $50 per month over the 90 day period.

25. The Least Sophisticated Consumer could have understood this language of the Collection Letter to mean that after the consumer's payment of three payments of $50 each, the entirety of the Balance Due would be deemed satisfied, when in fact, Defendant meant nothing other than to credit the $150 total payments towards the outstanding balance and still intend to collect the full, remaining balance from the consumer without any discount or concession.

26. The Collection Letter is deceptive and confusing since it would lead the Least Sophisticated Consumer to Believe that the Balance due amount of $1348.89 could be settled for $150 in total payments, when in fact this was not the case

27. Additionally, the front of the collection letter indicated in bold and capitals, "PLEASE REFER TO REVERSE FOR IMPORTANT INFORMATION."

28. Included on the back side of the letter were a list of seven state names in capital and bold, with a statement under each state's name.

29. Nowhere in the front or the back does the Collection Letter indicate that the rights listed under each state name were limited to residents of that particular state.

30. Under the name "MASSACHUSETTS", is listed in bold, capital and italics, "***NOTICE OF IMPORTANT RIGHTS,*** and then indicates a consumer's rights to make a written or oral request that telephone calls regarding the consumer's debt may not be made to the consumer's place of employment.

31. It is plausible that the Least Sophisticated Consumer may have been mislead to believe that the rights listed under Massachusetts heading (or one of the other enumerate states) may apply to all consumers and not just to Massachusetts consumers (or consumers of these other states). See, Ensminger v. Fair Collections & Outsourcing, Inc., 2016 U.S. Dist. LEXIS 163007 (D.Kan, Nov. 23 2016).

32. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

33. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

34. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

35. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

36. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection

efforts.

37. Defendant's collection letter which provided confusing and incorrect information, causing Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding her rights under the FDCPA.

38. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

39. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

40. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

41. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

42. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

43. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for

bankruptcy, etc.

44. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## **POLICIES AND PRACTICES COMPLAINED OF**

45. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b) Using unfair or unconscionable means to collect or attempt to collect any debt.

46. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## **COUNT I**

### **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS**

47. Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if the same were set forth at length.

48. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

49. By sending a collection letter, the same as or substantially similar to the May 11, 2018 collection letter, Defendant violated:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

C. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
          May 13, 2019

Respectfully submitted,

        By: <u>s/ Lawrence C. Hersh</u>
           Lawrence C. Hersh, Esq.
           17 Sylvan Street, Suite 102B
           Rutherford, NJ 07070
           (201) 507-6300
           *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

    I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 13, 2019        By: <u>s/ Lawrence C. Hersh</u>
                                      Lawrence C. Hersh, Esq

EXHIBIT A

**Sunrise Credit Services, Inc.**
PO Box 9100
Farmingdale NY 11735-9100
CHANGE SERVICE REQUESTED

P.O. Box 9100
Farmingdale, NY 11735-9100
800-244-0518 • Fax: 631-501-8534
Hours: Mon. – Thurs. 8 AM – 11 PM EST
Fri. 8 AM – 9 PM EST • Sat. 8 AM – 4 PM EST

ACA INTERNATIONAL
The Association of Credit and Collection Professionals
Member

JOSE L LOPEZVILLATE
PO Box 663
Woodbury NJ 08096-7663

May 11, 2018

**Account Information**
Creditor: Bank of America, N.A.
Account Number: XXXXXXXXXXXX5035
SCS Account #: ▇▇▇▇5196

Balance Due:            $1348.89

Dear JOSE L LOPEZVILLATE:

**$50.00 Payment Arrangement For The Next 90 Days!**

That's right, for the next 90 days we agree to accept $50.00 per month from you to apply to your outstanding account!

To take advantage of this partial payment plan, simply fill out the lower portion of this letter and return it along with your first payment.

Reminder notices will be mailed to you about one week prior to the due date that you set.

Do not let this opportunity slip away! We hope this offer will help you resolve this matter.

For other convenient payment options, visit us on the internet at **www.sunrisecreditservices.com**.

Sunrise Credit Services, Inc.

MARIE MOLLOY

**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

724906267       **PLEASE REFER TO REVERSE SIDE FOR IMPORTANT INFORMATION**

TM50 ⬇⬇  PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT. KEEP TOP PORTION FOR YOUR RECORDS.  ⬇⬇

---

| **Payment Arrangement Details** |
| --- |
| I want my payments due: _____ |
| Amount Enclosed:    $ _____ |
| Home Address: _____ |
| _____ |
| _____ |
| Home Phone: (____) _____ |
| Work Phone: (____) _____ |

Creditor: Bank of America, N.A.
Account Number: XXXXXXXXXXXX5035
SCS Account #: ▇▇▇5196

Balance Due:          $1348.89

Sunrise Credit Services, Inc.
PO Box 9100
Farmingdale NY 11735-9100

JOSE L LOPEZVILLATE
PO BOX 663
WOODBURY NJ 08096-7663

TM50



**Call our toll free number 800-344-6518**
**Let our representatives help you pay your bill.**

Here are some quick and easy ways.

- **WESTERN UNION**
  Call 1-800-238-5772 for the nearest location. Go to your nearest **Western Union** location (check cashing store, supermarket or pharmacy) and identify yourself as a **"Quick Collect Customer."** Include the following information on the **"Quick Collect"** form:
  - Payable to: Sunrise Credit Services
  - Code/Destination: Sunrise, NY
  - Reference Number: Your Account Number

  After paying the cashier, call our toll free number and give the representative your account number, amount paid, and money control number from the receipt the cashier gives to you. Within minutes, your account is paid.

- **MONEYGRAM**
  Call 1-800-926-9400. For the nearest locations, go to your nearest MoneyGram Agent (Travel Agencies, Currency Exchange)
  Complete the Blue Express Payment form, include our five digit receiver code **15885**.
  Company: Sunrise Credit Services
  City/State: Farmingdale, New York
  Account Number: Your Account Number

  After paying the cashier, call our toll free number and give the representative your account number, amount paid and confirmation number from the receipt the cashier gives to you.

- **ACH**
  Automated Clearing House: Pay by phone and have the funds withdrawn from your checking or savings account.

- **BANK WIRE**
  **Please make sure to reference your account number on any payment made.**

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest, or by using obscene language. Collectors may not use false or misleading statements, or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**COLORADO**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Our resident office in Colorado is located at 700 17th Street, Suite 200, Denver, Colorado 80202...Mon – Fri 8am – 5pm. Telephone Number: 866-436-4766. This office will accept payments and correspondence

For information about the Colorado Fair Debt Collection Practices Act, see WWW.COAG.GOV/CAR

**MASSACHUSETTS**
*NOTICE OF IMPORTANT RIGHTS*
Our resident office in Massachusetts is located at (do not send correspondence or payments to this address) 49 Winter St. Weymouth, MA 02189. Mon. – Thur. 10am-3pm. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the debt collector.

This collection board is licensed by the collection service board, state department of commerce and insurance.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1) Supplemental security income, (SSI);
2) Social security;
3) Public assistance (welfare);
4) Spousal support, maintenance (alimony) or child support;
5) Unemployment benefits;
6) Disability benefits;
7) Workers' compensation benefits;
8) Public or private pensions;
9) Veterans' benefits;
10) Federal student loans, federal student grants, and federal work study funds; and
11) Ninety percent of your wages or salary earned in the last sixty days.

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**UTAH**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.